IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA – ALEXANDRIA DIVISION

| | |
|---|---|
| Kathleen "Katie" Burnett )<br>and )<br>Tyler Lalicker )<br>    *Plaintiffs*, )<br>)<br>v. )<br>)<br>Teague Rasmussen aka Teagan Rasmussen )<br>7565 E. Harvard Ave. Unit 207 )<br>Denver, CO  80231 )<br>)<br>    *Defendant*. ) | Case No.: _____ |

## COMPLAINT

COME NOW YOUR PLAINTIFFS, Kathleen "Katie" Burnett and Tyler Lalicker, jointly and severally, and move this court enter judgement against Defendant Teague Rasmussen aka Teagan Rasmussen as follows:

1. Kathleen "Katie" Burnett is an adult over the age of 18 and resident of Fairfax County, Virginia (hereinafter also, "Plaintiff" or "Party") .

2. Tyler Lalicker is an adult over the age of 18 and resident of Fairfax County, Virginia (hereinafter also, "Plaintiff" or "Party") and is married to Katie Burnett.

3. Teague Rasmussen, aka Teagan Rasmussen is an adult over the age of 18 and resident of Denver, Colorado (hereinafter also, "Defendant" or "Party").

4. This Court has jurisdiction in this matter as there is complete diversity of citizenship between all the Plaintiffs, as residents of Virginia, and all the Defendants, as residents of Colorado.

5. This Court also has jurisdiction of this matter as the amount in damages sought, as discussed infra, exceeds $75,000.

6. This Court has jurisdiction under the Virginia "long arm" statute as the Defendants knowingly caused injury in the Commonwealth of Virginia.

7. This Court is the appropriate and convenient forum for this matter as the Plaintiffs are present in the District, and the torts alleged were knowingly aimed at the Plaintiffs as residents of Virginia.

8. Plaintiffs and Defendant are mutual acquaintances who connected through a common interest in collectible pins.

9. Plaintiffs and Defendant follow and participate in numerous social media platforms dedicated to collectible pins that have audiences in some cases of tens of thousands of people.

10. Plaintiffs and Defendant have communicated numerous times through a number of social media platforms.

11. Defendant Rasmussen moved from Louisiana to Denver, Colorado in approximately May 2021, and became involved in a custody dispute with the birth mother of their child, who still resides in Louisiana.

12. Defendant Rasmussen believed that Plaintiffs had inserted themselves into the custody dispute and were somehow communicating with Louisiana courts to give evidence against Rasmussen.

13. On or about October 12, 2022, Defendant Rasmussen sent a threatening message to Katie Burnett, intimating that Tyler Lalicker, who is Katie Burnett's husband, is a criminal working for a government contractor.

14. On November 2, 2022, counsel for Plaintiffs sent a cease and desist letter to Defendant Rasmussen, warning them to stop any communications with or about Plaintiffs.

15. Defendant Rasmussen responded the same day, stating that "there is no question about it I will not be publishing anything as I already haven't."

16. Then, throughout December, Defendant Rasmussen began a campaign of threats and defamation against Plaintiffs.

17. December 12, 2022, Rasmussen posted a message to Plaintiff Burnett "SO good to see you smile!!! Can't wait to fuck it up."

18. On December 13, 2022, Rasmussen posted a message on Rasmussen's Facebook page stating "and then katie [sic] Burnett and Tyler decided to get involved and screenshot literal lies that Kristina cleared up later."

19. On December 20, 2022, Rasmussen posted on Facebook, "A little compassion and empathy goes a long way. Sam okee, kaya love, Karrisa Lawrence, katie [sic] Burnett, Tyler lackliter [sic], Karen rahn, Devyn van schagen: you all should feel the fucking worst. You betrayed a friend."

20. Also on December 20, 2022, Rasmussen posted on Facebook a screen shot of counsel's cease and desist letter sent November 2, 2022, and wrote, "OK this one was really good Katie and Tyler. I got a huge laugh out of the claim I was "slandering" you on social media while I literally had none. That's fine, bring the lawsuit on!! I have hundreds of messages implicating you in facilitating multiple high level crimes and telling government secrets. Let's go then! @tyler lackliter [sic] and @katieburnett. People will dig so deep to hide their own lies. This is who you trust running a pin group? Your website? Government security?"

21. On Wednesday, December 28, Rassmussen wrote on Facebook, "However if you care about Sam O., Karen Rahn, Devyn Van whatever the fuck, Dylan Smith, Katie whatever her name is and Tyler Lackliter, [sic] along with every other person who I have plenty of illegal documents on (including under the table money laundering) yeah I'm talking about all of you pinners now, admission to large shipments

of molly, x, weed, acid, mushroom S, etc across state lines, relinquishing of government secrets, large scale tax evasion, fraud, assaults, you name it, and really just having to listen to me bitch of the rest of their lives…"

22. On March 15, Rasmussen posted on Facebook, referring to an anti-kidnapping bill introduced in the Florida legislature, "I want the whole world to know that @alaina Fotenot @christy Fotenot @john fusilier @caddo parish @shreveport louisiana @neal lathem Karisa Lawrence Samwise Ochobee @kay rahn Tyler Lalicker @katie lalicker @devyn van whatever the fuck and anyone else who aided in the illegal taking of my child helped put this bill into action"

23. All of these social media posts about Plaintiffs were untrue, made intentionally to harm the reputation of the Plaintiffs, and made with malice.

24. These statements are demonstrably and provably false.

25. Defendant made these statements knowingly, or with reckless disregard for the truth.

26. These statements damage the good name and reputations of Plaintiffs as they impugn Plaintiff's fitness to conduct their trades, accuse Plaintiffs of committing crimes, including money laundering, distribution of narcotics, tax evasion, perjury and compromise of Government secrets and accuse Plaintiff's otherwise of knowing prevarication.

27. There is no legal or equitable privilege Defendant may assert, and the statements are not factually true.

28. These statements are all defamation per se.

29. These statements were made with malice, to frighten, intimidate, and injure Plaintiffs.

Wherefore, Plaintiffs Burnett and Lalicker, jointly and severally, pray this court enter judgment for them and against Defendant Rasmussen in the amount of $500,000, including $150,000 in compensatory damages and $350,000 in punitive damages.

Plaintiffs demand a trial by jury.

Respectfully submitted,

Katie Burnett and Tyler Lalicker

By: _____
Milton C. Johns, VSB No. 42305
Executive Law Partners, PLLC
11130 Fairfax Blvd., Suite 303
Fairfax, VA 22030
(571) 500-1010
(571) 408-8102 – facsimile
mjohns@xlppllc.com
*Counsel for Plaintiffs*